UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOUIS TRIMBLE, | ) | 1:12-cv—01277-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER LEAVE |
| | ) | TO FILE A MOTION TO AMEND THE |
| | ) | PETITION AND NAME A PROPER |
| v. | ) | RESPONDENT NO LATER THAN THIRTY |
| | ) | (30) DAYS AFTER THE DATE OF |
| ATTORNEY GENERAL OF THE STATE | ) | SERVICE OF THIS ORDER |
| OF CALIFORNIA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's petition, which was filed in this Court on August 6, 2012.

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

1

1  a preliminary review of each petition for writ of habeas corpus.
2  The Court must summarily dismiss a petition "[i]f it plainly
3  appears from the petition and any attached exhibits that the
4  petitioner is not entitled to relief in the district court...."
5  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
6  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
7  1990).

8      The Court may dismiss a petition for writ of habeas corpus
9  either on its own motion under Rule 4, pursuant to the
10 respondent's motion to dismiss, or after an answer to the
11 petition has been filed.  Advisory Committee Notes to Habeas Rule
12 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
13 (9th Cir. 2001).  A petition for habeas corpus should not be
14 dismissed without leave to amend unless it appears that no
15 tenable claim for relief can be pleaded were such leave granted.
16 Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

17     II.  Petitioner's Failure to Name a Proper Respondent

18     Petitioner did not fill in the portion of the petition form
19 requesting the name of the respondent.  He did, however, specify
20 that the Attorney General in question was the Attorney General of
21 the State of California.

22     Petitioner is incarcerated at the California State Prison
23 located in Solano, California (CSPS).  The warden at that
24 facility is Gary Swarthout.

25     A petitioner seeking habeas corpus relief under 28 U.S.C.
26 § 2254 must name the state officer having custody of him as the
27 respondent to the petition.  Habeas Rule 2(a); Ortiz-Sandoval v.
28 Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California

1 Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Generally, the
2 person having custody of an incarcerated petitioner is the warden
3 of the prison in which the petitioner is incarcerated because the
4 warden has "day-to-day control over" the petitioner and thus can
5 produce the petitioner. Brittingham v. United States, 982 F.2d
6 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme
7 Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief
8 officer in charge of state penal institutions is also
9 appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360. The Court will, however, give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004).

As a general rule, when a petition for writ of habeas corpus is amended, a completely new petition must be filed. However, in this instance, in the interest of judicial economy, Petitioner need not file an amended petition. Petitioner may instead file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" in which Petitioner may name the proper respondent in this action.

### III. Order Granting Leave to File a Motion to Amend the Petition

Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent. Failure to

3

amend the petition and state a proper respondent will result in dismissal of the petition for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:   August 29, 2012**                              /s/ Sheila K. Oberto
                                                                               UNITED STATES MAGISTRATE JUDGE

4